HENTON, Respondent, v. SPENCER, Appellant.

(136 N. W. 112.)

**Judgment—Res Judicata—Parties Concluded—Warranty—Evidence.**

The vendee of a horse sold under warranty, executed a note for part of the price, the note being transferred before maturity to bona fide holder, who enforced it by action, the defense of breach of warranty being disallowed. **Held,** that in an action by the vendee for damages for breach of the warranty, against vendor of the horse, the judgment on the note was not a bar, and the findings and judgment roll in former suit not admissible in evidence; appellant not having been a party thereto.

(Opinion filed, May 7, 1912.)

Appeal from Circuit Court, McCook County. Hon. JOSEPH W. JONES, Judge.

Action by H. J. Henton against N. W. Spencer, for damages for breach of warranty under sale of a horse. From a judgment for plaintiff, defendant appeals. Affirmed.

*Charles P. Bates, Albert J. Keith,* and *Perrett F. Gault,* for Appellant.

Defendant contends that the plaintiff, having set up the alleged breach of warranty, as a defense to the action brought against him by the Security State Bank of Montrose, and the court having found against him upon that issue and entered judgment accordingly, such judgment is conclusive against the plaintiff upon that question, and he is estopped from urging it against the defendant in this action.

In the former action the defendant Spencer, although not a party to the record, was interested both in the subject-matter and in the result of the suit, received notice of the pendency of the action and the issues involved, was requested by the plaintiff therein to assist in its prosecution, and actively participated in the trial. Under these circumstances, if the finding and judgment of the court in the foreclosure action had been in favor of Henton upon the question of the alleged breach of warranty, such judgment would have been conclusive against Spencer in any subsequent litigation between either the bank or Henton and himself, in which the same question was involved. Goldberg v. Sisseton Loan & Title Co., 24 S. D. 49; Rowell v. Smith, 102 N. W. 1 (Wis.) ; Missouri Pac. R. R. Co. v. Twiss, 53 N. W. 76 (Neb.) ; Daskam v. Ullman, 43 N. W. 321 (Wis.) ; Leslie v. Bonte, 6 L. R A. 62 (Ill.) ; Atkinson v. Bridge, 60 Maine, 396; Hill v. Bain, 15 Rhode Island, 75, 2 Am. St. Rep. 873; Castle v. Noyes, 14 N. Y. 329; State v. Coste, 36 Mo. 437; Featherstone v. President, Etc., Newburg & C. T. Co., 24 N. Y. Supp. 603; Stanford v. Lyon, 7 Atl. 869 (N. J.) ; Shoemake v. Finlayson, 60 Pac. 50 (Wash.) ; American Bonding Co. v. Loeb, 92 Pac. 282 (Wash.) ; Chicago v. Robbins, 67 U. S. 418; City of Lincoln v. First National Bank, 67 Neb. 401 ; Inhabitants of Milford v. Holbrook, 9 Allen, 17.

It is claimed by respondent that in the foreclosure action the court did not determine the question as to whether or not

there was a breach of warranty on the part of Spencer. When the court found, as a matter of fact, "that no evidence was introduced sufficient to sustain the allegations of the answer, or any of them, " it was a determination of the issue as to the alleged breach of warranty, adverse to the plaintiff Henton, and such finding and the judgment entered thereon is conclusive upon the plaintiff herein. Morgan v. C., M. & St. P. Ry. Co., 53 N. W. 741 (Wis.); Roney v. Westlake, 216 Pa. St. 374; Smith v. Gowdy, 96 S. W. 566 (Ky.) Engel v. Union Square Bank, 87 N. Y. Supp. 1070, Affirmed 182 N. Y. 544; Cochran v. Cowper, 2 Del. Ch. 27; Buck v. Collins, 69 Me. 445.

T. J. *Spangler* and E. H. *Wilson,* for Respondent.

The general rule is that a judgment is conclusive as to the matters in issue between the parties and privies. 24 Am. & Eng. Ency. of Law, (2d Ed.) 735; Rode v. New England Inv. Co., 45 N. W. 197.

Absolute identity of interest is essential to create a privity. 24 Am. & Eng. Ency. of Law (2d Ed.) 747 and notes.

Where property is transferred before suit there is no privity between vendor and vendee. Id 748 and notes.

As between assignor and assignee there is no privity where the transfer was made before suit. Id 749 and notes.

The adjudication of issues must have been *necessary* in order to conclude the parties. Id. 768 and notes.

In the case at bar, the court having found in the former action that the bank was an innocent holder of the Spencer note and mortgage, and that the same was not subject to any defense Mr. Henton might have had, it was not necessary to adjudicate the question of a breach of warranty in that action.

It is elementary that a judgment can have no binding force upon one not a party or privy to the action in which such judgment is rendered. 2d Black on Judgments, Sec. 600; Stocker v. Kirtley, 59 Pac. 891; Grace v. Ballon, 4 S. D. 333.

If judgment may pass in favor of the plaintiff upon proof of any allegations contained in a former suit, which it was not necessary to determine in said former suit, the judgment in such

former suit is no bar to plaintiff's action. Mining Co. v. Mining Co., 7 Fed. Rep. 401; Doremus v. Root, 54 L. R. A. 649, and notes on page 654.

It was not necessary in the former suit between the bank and Mr. Henton to determine the question of warranty after the court had found that the bank was an innocent holder without notice.

If it appears from a former judgment offered in evidence as an estoppel that several distinct matters were litigated upon one or more of which the judgment was rendered, or might have been rendered, the whole subject-matter of the action will be at large, and open to a new contention, unless the uncertainty be removed by extrinsic evidence showing the precise point involved and determined. De Selar v. Hanscome, 158 U. S. 216 Id.., 15 Sup. Court Rep. 816; Sawyer v. Nelson, 43 N. E. 728; Lewis v. Pierce Co., 125 N. Y. 341, Id. 26 N. E. 301; Black on Judgments, Section 629; Freeman on Judgments, Section 276; First Cream of Law, Sec. 110.

Excepting in case of privies the rule of estoppel does not extend to parties to the action who were not parties to the former action. Estoppels must be mutual. Hence a defendant who is not a party to a former action cannot plead the judgment therein as a bar. First Freeman on Judgments, Sec. 159-161; 2nd Black on Judgments, Sec. 543-548; Whitcome v. Hardy, 71 N. W. 263, and cases there cited; Griffith v. Field, 75 N. W. 325, and cases there cited; Goodwin v. Litchfield, 9 N. W. 107; Davis v. Davis, 24 S. D. 474.

In Kammann v. Barton and others found in the 23rd S. D. at page 442, the Supreme Court of South Dakota has laid down the same doctrine in passing upon the identical question now before the court in the case at bar.

McCOY, P. J. It appears from the record that on June 3, 1908, plaintiff purchased from appellant, the defendant, a horse for the purchase price of $1,050. That in settlement and satisfaction of said purchase price plaintiff, in cash and other property, paid to defendant $650, and also executed and delivered to defendant his

promissory note for $400, secured by chattel mortgage upon said horse. That defendant, before the maturity of said note, transferred and assigned said note and mortgage to the Security Bank of Montrose, who, after the maturity thereof, brought suit against plaintiff in this action, as defendant therein, to foreclose said chattel mortgage. That in said action this plaintiff, as defendant therein, appeared and made answer, alleging a breach of warranty in the sale of said horse, and sought to counterclaim the damages against the said note and chattel mortgage lien. That said foreclosure action was tried to the court, without a jury, and the court in this action made findings, among others, as follows: "That thereafter, and before the maturity of said note, the plaintiff purchased said note of said N. W. Spencer, in the ordinary course of business, paying him the sum of $400 therefor, and same was so purchased in good faith, without any notice on the part of plaintiff of any defense that the defendant had or claimed against the payee, and the plaintiff then became, and still is, the bona fide owner thereof for value; that no evidence was introduced, sufficient to sustain the allegations of the answers, or any of them; that none of the defenses of defendant's answer are available against the plaintiff." Judgement was thereupon rendered in favor of plaintiff, Security Bank of Montrose, against the defendant therein, who is plaintiff and respondent in this action. Thereafter respondent brought this action against the appellant, N. W. Spencer, to recover damages for breach of warranty on the sale of said horse. On the trial, verdict and judgment were in favor of plaintiff, and defendant appeals.

In his answer to the cause of action in this case, appellant pleaded the findings and judgment in the former action of Security Bank of Montrose v. Henton, this plaintiff, as a bar to recovery in this action. On the trial, appellant offered in evidence the judgment roll and findings and judgment in the said former action, to which respondent objected, on the grounds, among others, that appellant was not a party to said former action; and that no privity is shown between appellant and either of the parties to said former action. The objection being sustained, appellant duly excepted thereto, and now assigns the said ruling of the court as

error. We are of the opinion that the learned trial court ruled correctly. The findings of the trial court in the former action that the note and mortgage were assigned to the plaintiff bank before maturity, for value, and without notice, and that the defense of breach of warranty and damage was not available to respondent in that action, preclude the judgment in that action from constituting a bar to recovery in this. Appellant was not a party or in privity with any party to the former action.

The judgment of the lower court is affirmed.